TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorney
General Crimes Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0631
    Facsimile:  (213) 894-0141
    E-mail:    kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-372-PA |
|---|---|
| Plaintiff, | CORRECTED PLEA AGREEMENT FOR DEFENDANT GARICK ANTHONY GRANDISON |
| v. | |
| GARICK ANTHONY GRANDISON, | |
| Defendant. | |

1.   This constitutes the plea agreement between GARICK ANTHONY GRANDISON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO," and collectively with defendant, the "parties") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and two

1  of the indictment in <u>United States v. GRANDISON</u>, No. CR 20-372-PA,

2  which charge defendant with possession with intent to distribute

3  cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II) and

4  possession with intent to distribute cocaine base in violation of 21

5  U.S.C. § 841(a)(1), (b)(1)(C), respectively.

6       b.   Not contest facts agreed to in this agreement.

7       c.   Abide by all agreements regarding sentencing contained

8  in this agreement.

9       d.   Appear for all court appearances, surrender as ordered

10  for service of sentence, obey all conditions of any bond, and obey

11  any other ongoing court order in this matter.

12       e.   Not commit any crime; however, offenses that would be

13  excluded for sentencing purposes under United States Sentencing

14  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

15  within the scope of this agreement.

16       f.   Be truthful at all times with the United States

17  Probation and Pretrial Services Office and the Court.

18       g.   Pay the applicable special assessments at or before

19  the time of sentencing unless defendant has demonstrated a lack of

20  ability to pay such assessments.

21       h.   Agree that all court appearances, including his change

22  of plea hearing and sentencing hearing, may proceed by video-

23  teleconference ("VTC") or telephone, if VTC is not reasonably

24  available, so long as such appearances are authorized by Order of the

25  Chief Judge 20-043 or another order, rule, or statute. Defendant

26  understands that, under the United States Constitution, the United

27  States Code, and the Federal Rules of Criminal Procedure (including

28  Rules 11, 32, and 43), he may have the right to be physically present

at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.  Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

i.   Defendant understands that the government may obtain additional material in this investigation that defendant may not be shown. In exchange for the government's obligations under this agreement, defendant gives up any right he may have to review the additional material, regardless of whether it is arguably exculpatory or inculpatory, and further agrees to waive any argument that the withholding of this material caused defendant's plea to be not knowing or involuntary. The government agrees not to use at sentencing any withheld material without providing it to defendant.

j.   Defendant further agrees:

1.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the following:  $8,294.76 in U.S. currency; pink and black colored

3

Diamond Firearms 9mm pistol bearing serial number Y10917; and Seven rounds of 9mm ammunition (the "Forfeitable Property").  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

2.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

3.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

4.    To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

5.    That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction

4

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 922(g) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 15 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 25 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSES</u>

4.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, possession with intent to distribute cocaine, in violation of Title 21, United States Code,

5

Sections 841(a)(1), (b)(1)(A)(ii)(II), the following must be true: (1) defendant knowingly possessed a mixture or substance containing cocaine; and (2) defendant possessed it with the intent to distribute it to another person.

5.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant possessed at least five kilograms of a mixture or substance containing a detectable amount of cocaine. Defendant admits that defendant, in fact, possessed at least five kilograms of a mixture or substance containing a detectable amount of cocaine.

6.    Defendant understands that for defendant to be guilty of the crime charged in count two, that is, possession with intent to distribute cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the following must be true: (1) defendant knowingly possessed cocaine base in the form of crack cocaine; and (2) defendant possessed it with the intent to distribute it to another person.

<u>PENALTIES</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii)(II), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the

1   Court must impose for a violation of Title 21, United States Code,
2   Section 841(a), (b)(1)(A)(ii)(II) is: 10 years' imprisonment,
3   followed by a five-year period of supervised release, and a mandatory
4   special assessment of $100.

5       9.   Defendant understands that the statutory maximum sentence
6   that the Court can impose for a violation of Title 21, United States
7   Code, Sections 841(a)(1), (b)(1)(C), is: 30 years' imprisonment; a
8   lifetime period of supervised release; a fine of $2,000,000 or twice
9   the gross gain or gross loss resulting from the offense, whichever is
10  greatest; and a mandatory special assessment of $100. The statutory
11  mandatory minimum period of supervised release that the Court must
12  impose for a violation of Title 21, United States Code, 841(a)(1),
13  (b)(1)(C) is six years.

14      10.  Defendant understands, therefore, that the total maximum
15  sentence for all offenses to which defendant is pleading guilty is:
16  life imprisonment; a lifetime period of supervised release; a fine of
17  $11,000,000 or twice the gross gain or gross loss resulting from the
18  offenses, whichever is greatest; and a mandatory special assessment
19  of $200.

20      11.  Defendant understands that under 21 U.S.C. § 862a,
21  defendant will not be eligible for assistance under state programs
22  funded under the Social Security Act or Federal Food Stamp Act or for
23  federal food stamp program benefits, and that any such benefits or
24  assistance received by defendant's family members will be reduced to
25  reflect defendant's ineligibility.

26      12.  Defendant understands that supervised release is a period
27  of time following imprisonment during which defendant will be subject
28  to various restrictions and requirements. Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and

1   that no one, including his attorney or the Court, can predict to an

2   absolute certainty the effect of his convictions on his immigration

3   status. Defendant nevertheless affirms that he wants to plead guilty

4   regardless of any immigration consequences that his pleas may entail,

5   even if the consequence is automatic removal from the United States.

6                                FACTUAL BASIS

7        15.   Defendant admits that defendant is, in fact, guilty of the

8   offenses to which defendant is agreeing to plead guilty. Defendant

9   and the USAO agree to the statement of facts provided below and agree

10  that this statement of facts is sufficient to support pleas of guilty

11  to the charges described in this agreement and to establish the

12  Sentencing Guidelines factors set forth in paragraph 17 below but is

13  not meant to be a complete recitation of all facts relevant to the

14  underlying criminal conduct or all facts known to either party that

15  relate to that conduct.

16       On or about April 28, 2020, defendant arrived at Los Angeles

17  International Airport ("LAX") in possession of a suitcase containing

18  about 8,960 grams of cocaine and 22.1 grams of cocaine base in the

19  form of crack cocaine, which defendant intended to distribute. After

20  defendant entered LAX, he checked the suitcase on a Delta Airlines

21  flight from LAX to Orlando, Florida, with a layover in Atlanta,

22  Georgia. The suitcase had a tag bearing defendant's name and flight

23  information. The suitcase contained nine Xbox videogame consoles,

24  which, in turn, contained nine vacuum-sealed kilogram-sized bags.

25  Laboratory analysis by the Drug Enforcement Administration later

26  determined that the bags contained about 8,960 grams of a mixture or

27  substance containing a detectable amount of cocaine and 22.1 grams of

28  cocaine base in the form of crack cocaine. Defendant knowingly

1   possessed those substances, knew they were prohibited drugs, and

2   intended to distribute them to another person.

3        On or about September 23, 2020, federal agents arrested

4   defendant on the indictment in this case in Orlando, Florida. The

5   agents approached defendant after observing him inside a vehicle with

6   no other occupants parked near a residence. The agents searched

7   defendant and found a pink and black 9 millimeter Diamondback

8   Firearms pistol bearing serial number Y10917 in defendant's right

9   front pocket. That firearm was loaded with six rounds of 9 millimeter

10  ammunition in the magazine and one round of 9 millimeter ammunition

11  in the chamber. Defendant knowingly possessed that firearm and

12  ammunition. At the time defendant possessed that firearm and

13  ammunition, defendant had been convicted on or about March 3, 2017,

14  of possession for sale of cannabis in violation of Cal. Health &

15  Safety Code §§ 11359, 11360(A); had been convicted on or about March

16  12, 2009, of possession of a controlled substance (cannabis) with

17  intent to sell, manufacture, or deliver in violation of Fla. Stat.

18  Ann. § 893.13(1)(a); and had been convicted on or about March 12,

19  2009, of unlicensed carrying of a concealed firearm in violation of

20  Fla. Stat. Ann. § 790.01, each a crime punishable by imprisonment for

21  a term exceeding one year. Defendant knew that he had been convicted

22  of each of those crimes and knew that each is punishable by

23  imprisonment for a term exceeding one year.

24                            SENTENCING FACTORS

25       16.  Defendant understands that in determining defendant's

26  sentence the Court is required to calculate the applicable Sentencing

27  Guidelines range and to consider that range, possible departures

28  under the Sentencing Guidelines, and the other sentencing factors set

forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

17.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          30       U.S.S.G. § 21D.1(c)(5)

Defendant and the USAO reserve the right to argue that specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

18.   Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count one;

b.   The offense charged in count one did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count one and was not engaged in a continuing criminal enterprise.

Because the safety valve criteria in U.S.S.G. § 5C1.2(a)(1) have not been updated to match the language of 18 U.S.C. § 3553(f)(1), if the Court determines that defendant's case satisfies the criteria in 18 U.S.C. § 3553(f), but does not satisfy the criteria for a two-

level reduction under U.S.S.G. § 2D1.1(b)(18) (referencing the criteria set forth in U.S.S.G. § 5C1.2(a)(1)), the government will recommend a two-level downward variance to defendant's Sentencing Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a). By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) have been satisfied. If the government makes a two-level variance recommendation as described herein, defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the United States Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to match the language of 18 U.S.C. § 3553(f)(1).

19.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.    Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.    The right to persist in a plea of not guilty.

      b.    The right to a speedy and public trial by jury.

      c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

12

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

22.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

23.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 27 and the criminal history category calculated by the

Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

25.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the

statutory maximum specified above and; and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 25 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

26.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

28.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached. All of defendant's obligations
are material, a single breach of this agreement is sufficient for the
USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds
such a breach to have occurred, then: (a) if defendant has previously
entered guilty pleas pursuant to this agreement, defendant will not
be able to withdraw the guilty pleas, and (b) the USAO will be
relieved of all its obligations under this agreement.

29.  Following the Court's finding of a knowing breach of this
agreement by defendant, should the USAO choose to pursue any charge
that was either dismissed or not filed as a result of this agreement,
then:

a.  Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of this
agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on
the statute of limitations, any claim of pre-indictment delay, or any
speedy trial claim with respect to any such action, except to the
extent that such defenses existed as of the date of defendant's
signing this agreement.

c.  Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a hearing
occurred prior to the breach); (ii) the agreed to factual basis
statement in this agreement; and (iii) any evidence derived from such

1  statements, shall be admissible against defendant in any such action
2  against defendant, and defendant waives and gives up any claim under
3  the United States Constitution, any statute, Rule 410 of the Federal
4  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
5  Procedure, or any other federal rule, that the statements or any
6  evidence derived from the statements should be suppressed or are
7  inadmissible.

8  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
9  OFFICE NOT PARTIES

10  30.  Defendant understands that the Court and the United States
11  Probation and Pretrial Services Office are not parties to this
12  agreement and need not accept any of the USAO's sentencing
13  recommendations or the parties' agreements to facts or sentencing
14  factors.

15  31.  Defendant understands that both defendant and the USAO are
16  free to: (a) supplement the facts by supplying relevant information
17  to the United States Probation and Pretrial Services Office and the
18  Court, (b) correct any and all factual misstatements relating to the
19  Court's Sentencing Guidelines calculations and determination of
20  sentence, and (c) argue on appeal and collateral review that the
21  Court's Sentencing Guidelines calculations and the sentence it
22  chooses to impose are not error, although each party agrees to
23  maintain its view that the calculations in paragraph 17 are
24  consistent with the facts of this case. While this paragraph permits
25  both the USAO and defendant to submit full and complete factual
26  information to the United States Probation and Pretrial Services
27  Office and the Court, even if that factual information may be viewed
28  as inconsistent with the facts agreed to in this agreement, this

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____          3/14/2022
Kathrvnne N. Seiden                       Date
Assistant United States Attorney


_____          2/12/21
GARICK ANTHONY GRANDISON                  Date
Defendant

_____          3/14/22
MANNY MEDRANO                             Date
Attorney for Defendant GARICK
ANTHONY GRANDISON


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

19

of entering into this agreement. No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement. No one has threatened or forced me in
any way to enter into this agreement. I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          2/12/21
GARICK ANTHONY GRANDISON              Date
Defendant

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am GARICK ANTHONY GRANDISON's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

MANNY MEDRANO                                              March 14, 2022
Attorney for Defendant GARICK                              Date
ANTHONY GRANDISON



2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*
─────────────
**Main Office**
**400 North Tampa Street, Suite 3200**
**Tampa, Florida 33602**
**813/274-6000**
**813/274-6358 (Fax)**

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

**Reply to:** Orlando, FL                                                                                                SPN/aa

September 20, 2021

        Re: Addendum to Plea Agreement in United States v. Garick Anthony Grandison, CR 20-327-PA

        If the Court accepts the plea agreement to which this addendum is attached, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant, Garick Anthony Grandison, with committing any federal criminal offenses known to the United States Attorney's Office for the Middle District of Florida at the time of the execution of this agreement related to the conduct giving rise to this plea agreement.  It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

        Sincerely,

        KARIN HOPPMANN
        Acting United States Attorney

By:

        Shawn P. Napier
        Assistant United States Attorney